# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TENNIEL WYATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18−cv–2036−NJR |
| ) | |
| N. CHAPMAN, ) | |
| MYERS, and ) | |
| S. THOMPSON, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Tenniel Wyatt, an inmate of the Illinois Department of Corrections currently housed at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary damages.

The case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir.

1

2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Plaintiff alleges that Chapman failed to provide any treatment and/or provided improper treatment for his cracked tooth. (Doc. 1, pp. 1, 6). Plaintiff further alleges that he suffers from epilepsy and that Myers has failed to prescribe any medication, causing Plaintiff to fall from the top bunk on two occasions. (Doc. 1, p. 6). Plaintiff also alleges that Warden Thompson is holding him past his outdate. *Id.* Finally, Plaintiff alleges that Thompson is aware of Plaintiff's medical issues but has not substantiated them as emergencies. *Id.*

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1 –** Chapman was deliberately indifferent to Plaintiff's cracked tooth in violation of the Eighth Amendment;

**Count 2 –** Myers was deliberately indifferent to Plaintiff's epilepsy in violation of the Eighth Amendment;

**Count 3 –** Thompson is denying Plaintiff his due process rights under the Fourteenth Amendment by holding Plaintiff past his outdate.

As an initial matter, Plaintiff's allegations against Thompson are insufficient to conclude that he was deliberately indifferent to the conduct described in Counts 1-2, and thus the Court has not included him as a defendant in those claims. All Plaintiff has alleged is that Thompson failed

to substantiate his grievances as emergencies, but without the grievances themselves in the record, or additional facts making it plausible that Plaintiff's dental and medical claims were in fact emergencies at the time Plaintiff wrote to Thompson, the Court cannot conclude from allegations in the Complaint that Thompson condoned, approved, or turned a blind eye to the conduct described in Counts 1 and 2. If Plaintiff has additional facts tending to show that Thompson was personally involved, he may file an amended complaint including those facts.

**Count 1** alleges that Chapman denied him treatment for his cracked tooth and as a result, Plaintiff still has a cracked tooth and is in pain. Plaintiff has plausibly alleged a deliberate indifference claim against Chapman. *Hoeft v. Menos*, 347 F. App'x 225, 2274 (7th Cir. 2009). Accordingly, **Count 1** survives threshold review and shall proceed in this action.

**Counts 2 and 3** are not properly joined to **Count 1** and must be severed into separate actions. In *George v. Smith*, the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(b)(g)); *Wheeler v. Talbot*, 695 F. App'x 151, 152 (7th Cir. 2017) (failing to sever mis-joined claims prejudices the United States Treasury); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). The Court has broad discretion as to whether to sever claims pursuant to Federal Rule of Civil Procedure 21 or to dismiss improperly joined Defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Federal Rule of Civil Procedure 20 permits joinder of all claims that "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences; [when] any question of law or fact common to all defendants will arise in the action." That means that a plaintiff cannot join

separate claims against different defendants or sets of defendants in the same lawsuit, unless the plaintiff asserts a claim for relief against each defendant that arises out of the same transaction or occurrence or series thereof, and presents common questions of law or fact. *Owens*, 860 F.3d at 436; *George*, 507 F.3d at 607.

The claims here raise different issues concerning Plaintiff's incarceration. There does not appear to be any relationship between the problematic dental care that Plaintiff describes in Count 1, and his claim in Count 2 that his epilepsy is going untreated. Plaintiff has not alleged that his epilepsy caused the cracked tooth. Additionally, Plaintiff's allegation that he is being held past his outdate is an entirely separate transaction from his medical claims. The Court finds that Counts 2 and 3 are not part of the same transaction or occurrence as Count 1. Counts 2 and 3 will be severed into separate actions pursuant to the Court's discretion and Federal Rule of Civil Procedure 21.

Accordingly, Count 2 will be severed into a separate lawsuit against Myers. Count 3 will be severed into a separate lawsuit against Thompson. Separate orders will be issued in those cases to review the merits of those claims. Plaintiff shall be provided with a copy of the merits review order as soon as it is entered in those cases.

## Disposition

**IT IS HEREBY ORDERED** that **Count 1** against Chapman survives threshold review. **Count 1** will proceed in this action. **Count 2** against Myers is severed into a new case because it is unrelated to Plaintiff's other claims. **Count 3** against Thompson is severed into a new case as being unrelated to all other counts. The Clerk of Court is directed to terminate Myers and Thompson from *this action*.

4

The claims in the severed cases shall be subject to merits review pursuant to 28 U.S.C. § 1915A after a new case number and judge assignment is made. In the new cases in this Court, the Clerk is **DIRECTED** to file the following documents:

1) This Memorandum and Order, and
2) The Complaint (Doc. 1).

No service shall be ordered on the defendants in the severed case until the Section 1915A review is completed.

The Clerk of Court shall prepare for Defendant **Chapman**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 26, 2018**

*[signature]*
_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him or her with a copy of your complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant's Answer has been filed, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court**.